NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

v.

JOSEPH ORTIZ, *Appellant.*

No. 1 CA-CR 17-0591
FILED 9-18-2018

Appeal from the Superior Court in Maricopa County
No. CR2016-143715-001
The Honorable David V. Seyer, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Paul J. McMurdie joined.

_____

**W E I N Z W E I G**, Judge:

¶1        Joseph Ortiz timely appeals from his convictions and sentences for two counts of aggravated DUI. After searching the record on appeal and finding no arguable question of law that was not frivolous, Ortiz's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for fundamental error. Ortiz had the opportunity to file a supplemental brief but did not do so. After reviewing the entire record, we find no fundamental error and thus affirm Ortiz's convictions and sentences.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        Ortiz was swerving between lanes as he drove northbound on Pima Road in December 2015. He ran a red light at the intersection of Pima and Chaparral and crashed into P.L.'s car. The collision caused P.L.'s car to spin out and her leg became stuck under the dashboard.

¶3        Scottsdale Police responded, including Officer Rowley. Officer Rowley spoke to Ortiz. He observed that Ortiz had watery and bloodshot eyes, slow and slurred speech and the odor of alcohol on his breath. Ortiz said he had consumed two beers earlier in the day. Officer Rowley conducted a field sobriety test on Ortiz, which indicated possible impairment. Ortiz was arrested and taken to the Scottsdale city jail. Rowley, a qualified phlebotomist, drew two vials of Ortiz's blood, and subsequent testing showed Ortiz had a blood alcohol concentration ("BAC") of over 0.203 at the time of the draw. A records check revealed that Ortiz's license had been revoked and his driving privilege suspended at the time of the offense.

¶4        Ortiz was indicted on two counts: Aggravated DUI, impaired to the slightest degree with the privilege to drive revoked; and Aggravated DUI, BAC of 0.08 or more with the privilege to drive revoked. The court held a four-day jury trial. Ortiz was represented by counsel but did not

testify. A forensic scientist for the Phoenix Police Crime Laboratory testified she reviewed the analysis of Ortiz's blood and concluded that it had a BAC of 0.203. She also testified that the scientific community asserts that all people are impaired to drive a car with a BAC of 0.08, regardless of a person's experience with alcohol. A custodian of records for the Department of Motor Vehicles testified Ortiz's driving privileges were revoked at the time of the accident.

¶5 The jury found Ortiz guilty on both counts. The court suspended the imposition of sentence and placed Ortiz on three years' probation, with the condition that he first serve four months in the Department of Corrections. Ortiz was given one day's credit for presentence incarceration. He timely appealed. We have jurisdiction pursuant to Ariz. Const. art. 6, § 9, and A.R.S. §§ 13-4031, -4033(A)(1).

## DISCUSSION

¶6 We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none.

¶7 The record reflects Ortiz received a fair trial. He was present and represented by counsel at all stages of the proceedings against him, except when counsel waived his presence. The record reflects the superior court afforded Ortiz all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial was sufficient to support the jury's verdicts. Ortiz's sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.

**CONCLUSION**

**¶8**        Ortiz's convictions and sentences are affirmed.  Counsel's obligations in this appeal will end once Ortiz is informed of the outcome and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).  On the court's own motion, Ortiz has 30 days from the date of this decision to proceed with a *pro se* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA